IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRO-TECH CORPORATION t/a : <br> THE PUROLITE COMPANY, et al., : <br>     Plaintiffs : <br> : <br>     v. : <br> : <br> THERMAX, INC. d/b/a  THERMAX : <br> USA LTD, et al., : <br>     Defendants : | CIVIL ACTION <br> NO. 05-2330 |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                                          **April 19, 2006**

        In the latest effort to aggressively accelerate this litigation, Plaintiffs have filed this Motion for Reconsideration for Partial Summary Judgment as to Defendant Narvinder Sachdev for Breach of the Duty of Loyalty and Breach of Contract.  For the reasons that follow, the Court denies the Motion, *sua sponte*.

        On March 14, 2006, Plaintiffs filed a motion seeking partial summary judgment against Defendant Narvinder Sachdev ("Sachdev") on three counts of the Amended Complaint: Count I (violation of the Pennsylvania Uniform Trade Secrets Law); Count IV (breach of contract); and Count V (breach of duty of loyalty).  Defendants responded, *inter alia*, that Plaintiffs' request for partial summary judgment was premature under Federal Rule of Civil Procedure 56(f).  In support of their response, Defendants' counsel, Daniel S. Bernheim III, filed an affidavit asserting the need for additional discovery relating to the following issues:

        (1) information concerning Purolite's allegations that it developed the
        formulas for the ion resins that are at issue in this case as opposed to

    those formulas being of general knowledge in the industry; (2) the amount of effort and money allegedly invested in the development of these formulas by Purolite; (3) the value of these formulas to Purolite; (4) the number of persons with whom Purolite shared the alleged trade secret information both inside of Purolite as well as those with whom Purolite has contractual relationships as consultants and potential business partners; and (5) the efforts allegedly utilized by Purolite to maintain secrecy of these materials.[1]

This Court agreed with Defendants, and on April 3, 2006, denied the motion for partial summary in its entirety without prejudice. Specifically, the Court recognized Defendants' "need[] to unearth facts that may establish a genuine dispute as to whether what Sachdev took from Plaintiffs constitutes 'trade secrets' for purposes of Counts I, IV, and V."[2] Plaintiffs now seek reconsideration of the Court's Order denying partial summary judgment as premature with respect to Count IV and Count V.

    Pursuant to Local Rule of Civil Procedure 7.1(g), a party may move for reconsideration of any judicial ruling within ten days of it being entered. Motions for reconsideration will be granted only where: (1) new evidence becomes available; (2) there has been an intervening change in the controlling law; or (3) a clear error of law or manifest injustice must be corrected.[3]

    Plaintiffs argue for reconsideration on the ground that the Court "incorrectly evaluated" their motion for partial summary judgment because Counts IV and V—for breach of contract and breach of duty of loyalty, respectively—do not require proof that Sachdev's stolen information constitute "trade secrets." Those causes of action may be established by proving that

---

[1] Aff. of Daniel S. Bernheim, 3d at ¶ 8 [Doc. #103].

[2] Order of Apr. 3, 2006 [Doc. #104].

[3] Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

a defendant took "'other similar confidential matters'" that do not necessarily qualify as "trade secrets" under the Pennsylvania Uniform Trade Secrets Law or its common law antecedents.[4] Thus, Plaintiffs contend, the Court should reconsider its denial of partial summary judgment as premature because, regardless of the outcome of further discovery with respect to the "trade secrets" quality of the information, there is presently no genuine dispute of material fact that the information Sachdev took was otherwise secret, confidential, or proprietary for purposes of Counts IV and V.

Reduced to its essence, Plaintiffs' argument turns on their legal dissection of the phrase "trade secrets." However broadly or narrowly, and in what context, the parties and this Court may have each intended their use of that phrase, Plaintiffs' argument fails because it does not fall within one of the three narrow grounds for reconsideration. Here, Plaintiffs have not presented new evidence or controlling law that would alter the Court's previous prematurity analysis. Nor have Plaintiffs demonstrated clear error of law or manifest injustice resulting from the Court's decision to decline consideration of summary judgment on Counts IV and V until Defendants have had the opportunity for discovery. As Plaintiffs correctly point out, their theories of breach of contract and breach of duty of loyalty merely require proof that Sachdev took from them information that was secret, confidential, or proprietary.[5] Nonetheless, Defendants have not had the opportunity to ascertain whether what Sachdev took from Plaintiffs is *factually* the kind of secret, confidential, or proprietary information—regardless of the legal label conferred upon it—that triggers liability under

---

[4] See Tan-Line Sun Studios, Inc. v. Bradley, Civ. No. 84-5925, 1986 WL 3764, *9 (E.D. Pa. Mar. 25, 1986) (quoting the Second Restatement of Agency in setting forth an employee's duty of loyalty to his employer). Likewise, Plaintiffs' breach on contract claim depends on a showing that Sachdev disclosed "confidential information relating to Purolite or Purolite's operating practices."

[5] Had the Court somehow suggested otherwise, Plaintiffs may be on stronger footing. However, the Court never reached the merits of the motion for partial summary judgment and simply decided that additional discovery was needed to enable Defendants to respond adequately.

those counts.  Indeed, in their response to the motion for partial summary judgment, Defendants specifically demanded time to obtain facts relating to the industry-wide knowledge of the formulas at issue, the number of people and businesses with whom Purolite shares the information at issue, and "the efforts allegedly utilized by Purolite to maintain *secrecy of these materials*."[6]  The Court granted Defendants such time for discovery by simply denying the motion for partial summary judgment without prejudice and allowing Plaintiffs to re-raise it later.  Thus, the Court's decision did not produce a clear error of law or manifest injustice, but instead rested on fact-sensitive pragmatism.  Plaintiff's linguistic legerdemain does not warrant a conclusion to the contrary.  The Court thus denies Plaintiffs' Motion for Reconsideration.

       An appropriate Order is attached.

---

[6] Aff. of Daniel S. Bernheim, 3d at ¶ 8 (emphasis added).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRO-TECH CORPORATION t/a** : | |
| **THE PUROLITE COMPANY, et al.,** : | |
| Plaintiffs : | |
| : | CIVIL ACTION |
| v. : | NO. 05-2330 |
| : | |
| **THERMAX, INC. d/b/a THERMAX** : | |
| **USA LTD, et al.,** : | |
| Defendants : | |

# ORDER

**AND NOW**, this 19th day of April 2006, upon consideration of Plaintiffs' Motion for Reconsideration for Partial Summary Judgment as to Defendant Narvinder Sachdev for Breach of the Duty of Loyalty and Breach of Contract [Doc. #106], and for the reasons set forth in the attached Memorandum Opinion, it is hereby **ORDERED** that Plaintiffs' Motion is **DENIED**.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**