IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRO-TECH CORPORATION t/a      :     CIVIL ACTION
THE PUROLITE COMPANY, *et al.*  :
                             :
      v.                     :
                             :
THERMAX, INC. d/b/a THERMAX   :
USA LTD, *et al.*                 :     NO. 05-2330

**MEMORANDUM OPINION**

CAROL SANDRA MOORE WELLS                November 16, 2006
UNITED STATES MAGISTRATE JUDGE

_____The parties in this case have a dispute concerning the location where depositions of witnesses who are employees of Thermax, Ltd., an Indian corporation, should occur.  In an order dated September 20, 2006, the court directed that the depositions of Defendants Amitabh Mukhopadhyay, Pheroz Pudumjee and Kiran Deshpande, be conducted in India, because Mr. Deshpande, a non-party resident of India, lives beyond this court's subpoena power.  On October 5, 2006, Plaintiffs filed a motion for reconsideration of that order.  On October 11, 2006, the Honorable Cynthia M. Rufe referred that motion for reconsideration to the undersigned.  Defendants have responded to the motion for reconsideration and the court conducted oral argument on the motion on November 8, 2006.  In a separate order filed on November 15, 2006, the court denied the motion for reconsideration, because no portion of the September 20, 2006 order is clearly erroneous or contrary to law, which is the governing standard.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  However, for the reasons which follow, the court is partially vacating and modifying its September 20, 2006 order.  This opinion will explain the court's rationale for doing so.[1]

I.    **Kiran Deshpande**

      Kiran Deshpande, an employee of Thermax, Ltd., an Indian corporate defendant, lives and

---

[1]The court concludes that the September 20, 2006 order should be modified in order "to secure, the just, speedy, and inexpensive determination of [this] action."  Fed. R. Civ. P. 1.

works in India.  An officer, director or managing agent of a corporation which is party to a lawsuit is subject to deposition on notice only, without the need for a subpoena.  *See e.g.,* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2107, p. 58 (2d ed. 1994) ("Wright & Miller").  However, other employees of a corporate party must be subpoenaed before being deposed.  *See* Fed. R. Civ. P. 45(a)(2)(B).  India is geographically beyond the subpoena power of this court.  *See* Fed. R. Civ. P. 45(b)(2).  Moreover, if Plaintiffs could properly serve a subpoena from this court on Mr. Deshpande in India, he, nevertheless, would be entitled to quash said subpoena because of the distance from this court.  *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).

At oral argument, Plaintiffs asserted that Deshpande is either a managing agent, *see* Fed. R. Civ. P. 30(b)(6), or a "decision maker" with respect to Thermax, Ltd.; accordingly, he can deposed on notice only, without the need for a subpoena.  (N.T. 11/8/06 at 15, 18).  However, Plaintiffs have provided neither documentary evidence nor testimony to support this contention.  Moreover, they have provided no authority for the proposition that any corporate "decision maker" may be deposed on notice, without a subpoena.

Based on the record currently before the court, Deshpande is not an officer or director of Thermax, Ltd. *See* Defendant Thermax, Ltd.'s Opposition to Plaintiff's Motion for Reconsideration of and/or Objections to the September 20, 2006 Order ("Defs.' Resp.") at Ex. 1.  Further, a Thermax, Ltd. corporate officer has expressly averred that Deshpande is not a managing agent.  *Id.*  No contrary documentation has been provided.  Thus, a subpoena must be served on him before he can be deposed.  Since this court cannot issue a valid subpoena, Deshpande cannot be forced to travel to the United States to be deposed.

## II.    **Amitabh Mukhopadhyay and Pheroz Pudumjee**

Thermax, Ltd. has designated Defendant Amitabh Mukhopadhyay to testify on its behalf as

a Fed. R. Civ. P. 30(b)(6) designee.  Defendant Pheroz Pudumjee is a director of Thermax, Ltd. S*ee* Defs.' Resp. at Ex. 1.  On September 20, 2006, the court ordered that these Defendants be deposed in India at the same time Plaintiffs traveled there to depose Deshpande.  However, at oral argument, Plaintiffs advised the court that they do not intend  to travel to India to depose Deshpande.  (N.T. 11/8/06 at 28).   For this reason, the court believes it must decide where the depositions of Mukhopadhyay and Pudumjee ought to take place.[2]

As the parties have acknowledged, the general rule is that corporations and defendants that are employees of a corporate defendant ought to be deposed at the corporation's principal place of business.  *See e.g., Triple Crown America, Inc. v. Biosynth AG*, Civ. A. No. 96-7476, 1998 WL 227886, *3 (E.D. Pa. Apr. 30, 1998); *Socodis-Booch Trading, Inc. v. M/V Humboldt Rex.*, Civ. A. No. 91-1474, 1992 WL 141030, *3 (E.D. Pa. June 16, 1992); Wright & Miller, § 2112, p. 81-82. However, the rule is not inflexible and is subject to modification.  *Id.*  Depositions may be conducted away from a corporation's principal place of business for a number of reasons, including the need to have the court readily available to exercise its authority to resolve discovery disputes, *see Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 337 (N.D. Indiana 2000), or the convenience to counsel of conducting the deposition away from the corporation's principal place of business.  *See Socodis-Booch*, 1992 WL 141030, *3.

In this case, several factors justify ordering Mukhopadhyay and Pudumjee to travel to Philadelphia for their depositions.  First, an unusual and unnecessary amount of difficulty and delay occurred in scheduling the deposition of S.S. Shastri, Thermax, Inc.'s Fed. R. Civ. P. 30(b)(6)

---

[2]In the September 20, 2006 order, the court circumvented the difficult question of where Thermax, Ltd.'s Fed. R. Civ. P. 30(b)(6) designee ought to be deposed, by directing Plaintiffs to conduct his deposition and that of Pudumjee when they were in India deposing Deshpande.  *See* Order of September 20, 2006 at 1 n.1.  Plaintiffs now indicate they will not depose Deshpande in India; therefore, the prudential reason for avoiding the issue presented here is no longer tenable.  The court believes that, in light of these changed circumstances, the parties are entitled to have the court exercise its discretion (rather than having the court avoid doing so) and decide the question they posited several months ago.

designee.  Once examination commenced, it proved futile because of:  (1) defense counsel's failure to prepare Shastri for his deposition, (2) Shastri's shocking claim that he did not understand the meaning of common terms such as "corporate officer," "treasurer," "chief executive officer," "guessing," "answered to," and "today," (3) and defense counsel's conduct during the deposition. These problems forebode that the depositions of Mukhopadhyay and Pudumjee will be contentious and likely require the court's intervention to insure that the depositions are fruitful.  The court could not effectively intervene if the depositions occur in India because of the distance and the lengthy time difference involved.

Second, the parties have been excessively dilatory in pursuing discovery.  This case has been pending since May 18, 2005 and Judge Rufe set a discovery deadline of January 1, 2007.  Yet, Plaintiffs have yet to complete their depositions and, if the court understood Defendants correctly at oral argument, they have not conducted any depositions.  Given the monumentally slow pace of discovery and the parties' insistence on litigating practically any discovery dispute of significance rather than resolving it themselves, the court believes it is likely that, if the depositions of Mukhopadhyay and Pudumjee were conducted in India, it would be months before they even commenced and they might not ever be completed in India.

Third, strong animosity between opposing counsel in this case has been palpable during telephone conferences with the court as well as during oral argument.  Regrettably, the court concludes that these counsel require judicial supervision; hence, it would be impractical for the depositions to occur in India.  In light of these considerations, the court concludes that the depositions of Mukhopadhyay and Pudumjee are to take place in the Federal Courthouse in Philadelphia.

An implementing order follows.

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRO-TECH CORPORATION t/a | : | CIVIL ACTION |
| THE PUROLITE COMPANY, *et al.* | : | |
| | : | |
| v. | : | |
| | : | |
| THERMAX, INC. d/b/a THERMAX | : | |
| USA LTD, *et al.* | : | NO. 05-2330 |

**ORDER**

**AND NOW**, this 16th day of November, 2006, upon consideration of the record created during the hearing conducted with counsel for all parties on November 8, 2006, and for the reasons given in the attached Memorandum Opinion, it is hereby **ORDERED** that the court's Order of September 20, 2006 is **VACATED** in part and **MODIFIED** as follows:

(1)     Based on the information presently before the court, Kiran Deshpande cannot be ordered to travel to the United States for his deposition.

(2)     The depositions of the Thermax, Ltd. Fed. R. Civ. P. 30(b)(6) designee (Defendant Amitabh Mukhopadhyay), Defendant Mukhopadhyay's deposition in his individual capacity, and Defendant Pheroz Pudumjee's deposition shall be conducted in Courtroom 3F of the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania during the weeks of January 8, 2007 and January 15, 2007.[3]

(3)     Prior to conducting these depositions, Plaintiffs shall provide Defendants with the topics for the depositions, defense counsel shall review the topics for the deposition with each witness and each deponent shall be prepared to answer questions concerning all topics that Plaintiffs have identified. Each deponent may supplement his answers to Plaintiffs' questions with appropriate

---

[3]Counsel for all parties shall immediately confer to set the precise deposition dates and times and then advise the court. The court was advised by defense counsel that travel to the United States was possible during this time frame.

documents.  Defense counsel shall also insure that each witness is aware of the meaning of common words and phrases such as "corporate officer," "treasurer," "chief executive officer," "guessing," "answered to," and "today" prior to the deposition.

(4)     Pursuant to Fed. R. Civ. P. 30(b)(2), the court authorizes the deposition of Mr. Mukhopadhyay, Thermax, Ltd.'s Fed. R. Civ. P. 30(b)(6) designee, to last no longer than two seven-hour days, for a total of fourteen hours; the depositions of Mr. Mukhopadhyay in his individual capacity and Mr. Pudumjee may last for up to two seven-hour days each, for a total of fourteen hours each.  Any time a deponent spends posing questions to Plaintiffs' counsel shall not be counted against the deposition time.  Upon completion of forty-two hours of deposition time, if Plaintiffs desire additional time to depose any witness, they shall request court permission to do so, **before** Messrs. Mukhopadhyay and Pudumjee leave the United States.

(5)     During the deposition of each witness:  (a) defense counsel shall not instruct any witness not to answer any question put to him, except to preserve a waiveable privilege or to present a motion under Fed. R. Civ. P. 30(d)(4); all other objections to any questions should be made on the record along with a concise statement of the basis for the objection, *see* Fed. R. Civ. P. 30(d)(1); (b) defense counsel shall not interrupt the deposition to provide advice to any witness; (c) no deponent shall attempt to delay the deposition by asking the definition of common words or phrases and any time spent informing the witness of the definition of common words or phrases shall not be counted

against the allotted deposition time.


**IT IS SO ORDERED**.

BY THE COURT:


 */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE