## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | **:** | |
| **BRO-TECH CORPORATION t/a** | **:** | |
| **THE PUROLITE COMPANY, et al.,** | **:** | |
| **Plaintiffs,** | **:** | |
| **v.** | **:** | **CIVIL NO. 05-CV-2330** |
| | **:** | |
| **THERMAX, INC. d/b/a THERMAX** | **:** | |
| **USA LTD, et al.,** | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## MEMORANDUM OPINION & ORDER

RUFE, J.                                                                                              August 2, 2007

Presently before the Court are Plaintiffs' Objections to Magistrate Judge Wells's June

14, 2007 Order (the "June 14 Order").  That Order requires Plaintiffs to provide Defendants with

copies "of all tax returns they have filed in the United States, the United Kingdom, Romania, and

China from 2001 to the present."[1]  Plaintiffs argue that they should not be required to produce these

tax returns because the returns are irrelevant and the information that Defendants seek to discover

is readily available through alternative sources.  After careful review, Judge Wells determined

otherwise.  Plaintiffs now ask this Court to set aside Judge Wells's Order on the grounds that it is

clearly erroneous or contrary to law.

Before examining whether Judge Wells's Order is clearly erroneous or contrary to

law, however, the Court must consider whether Plaintiffs' Objections are properly before it.  Federal

Rule of Civil Procedure 72(a) essentially establishes an appellate process whereby parties can appeal

a magistrate judge's nondispositive order to the district court.  Under the Rule, a party that is

---

[1] Order dated June 14, 2007 [Doc. # 183] ¶ 7.

dissatisfied with a magistrate judge's order may file objections to the order "[w]ithin 10 days after being served with a copy of the magistrate judge's order," and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the . . . order found to be clearly erroneous or contrary to law."[2]

There is no dispute that, under the Federal Rules of Civil Procedure, Plaintiffs' Objections were filed within 10 days of Judge Wells's June 14 Order.  However, whether Plaintiffs' Objections are properly before the Court at this time remains an open question.  This is because Judge Wells previously ordered Plaintiffs to produce copies of their tax returns in a March 9, 2007 Order (the "March 9 Order").  That Order required all parties to provide "all (foreign and domestic), unredacted, tax returns for the years 2001 to the present," on or before March 27, 2007.[3]  At the time this Order was issued, Plaintiffs did not dispute this requirement; rather, they began to gather the appropriate documentation for production by the deadline.

Plaintiffs were ultimately unable to meet the March 27, 2007 deadline.  Therefore, they requested a five-week extension to complete production of the tax returns and other documents.  Judge Wells granted Plaintiffs' request, and set a new deadline of May 4, 2007, by which the returns were to be supplied to Defendants.[4]  During this time, Plaintiffs suggested that they fully intended to comply with Judge Wells's Orders; they neither objected to the production requirement under Rule 72, nor asked Judge Wells to reconsider her Order.

But, again, the deadline for supplying the tax returns came and went without

---

[2]  Fed. R. Civ. P. 72(a).

[3]  Order dated Mar. 9, 2007 [Doc. # 164] ¶ 9.

[4]  Order dated Apr. 11, 2007 [Doc. # 168] ¶ 1.

Plaintiffs' compliance.   On May 21, 2007, Defendants informed Judge Wells of Plaintiffs' delinquency by letter.[5]   At this point, two months after Judge Wells had originally ordered the production of the tax returns, Plaintiffs asked Judge Wells for the first time to reconsider her previous Orders including that requirement.[6]   Even though Plaintiffs' request was untimely under Local Rule of Civil Procedure 71(g), Judge Wells exercised her discretion to reconsider the Orders. Ultimately, she confirmed that Plaintiffs should be required to produce the tax returns, but decided to allow Plaintiffs to redact some personal information from the domestic returns, such as individual social-security numbers and home addresses.[7]   Nonetheless, the substance of the requirement remained the same: Plaintiffs were required to produce the tax returns.   She memorialized this determination in the June 14 Order,[8] to which Plaintiffs currently object.

Since there does not appear to be any case law directly addressing the running of the time limitation for filing objections under Rule 72(a) under the circumstances of this case, the Court has sought guidance from the application of analogous time limitations, in order to determine whether it should consider the merit of Plaintiffs' Objections.   Most logically analogous is the time period in which a party may appeal a district court's order to a court of appeals.   Since the district court is essentially functioning as an appellate court when reviewing a magistrate judge's order, Federal Rule of Appellate Procedure 4, and its application under circumstances similar to those in

---

[5] Letter from Grant Hanessian to United States Magistrate Judge Carol Sandra Moore Wells (May 21, 2007) [Doc. # 188, Ex. D].

[6] Letter from Joseph J. McGovern to United States Magistrate Judge Carol Sandra Moore Wells (May 22, 2007) [Doc. # 188, Ex. B].

[7] See Order dated June 14, 2007 [Doc. # 183] ¶ 7 & n.1.

[8] Id.

this matter, is instructive.[9]

Under Rule 4(a)(1)(A), the time to take an appeal runs from the date that a judgment is entered.  This is true even if the judgment is later amended or reentered, unless the amendment or reentry substantively changes the prior judgment[10] or revises the litigants' legal rights or duties.[11] As the United States Supreme Court has noted,

> the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought.  Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken . . . begin to run anew."[12]

To determine whether the time to appeal should begin to run anew, courts must consider "whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality."[13]

Applying this logic to Federal Rule of Civil Procedure 72, which governs the "appeal"[14] of a magistrate judge's order to the presiding district judge, the time period in which a party may object to a magistrate judge's ruling should begin to run when the order establishing the parties' relevant substantive legal rights and duties is served upon the party.  If a later order merely

---

[9]  In fact, other district courts have looked to Rule 4 in determining how to apply the time limitation of Federal Rule of Civil Procedure 72.  See, e.g., Epperly v. Lehmann Co., 161 F.R.D. 72, 74 (S.D. Ind. 1994); Corneau v. Rupp, 142 F.R.D. 683, 685–86 (D. Kan. 1992).

[10]  See Keith v. Truck Stops Corp., 909 F.2d 743, 746 (3d Cir. 1990); see also, e.g., Farkas v. Rumore, 101 F.3d 20, 22 (2d Cir. 1996).

[11]  See Bridge v. U.S. Parole Comm'n, 981 F.2d 97, 102 (3d Cir. 1992).

[12]  Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211–12 (1952).

[13]  Id. at 212.

[14]  Objections filed under Rule 72(a) are the functional equivalent of an appeal of a magistrate judge's order.

reaffirms duties or requirements that were originally imposed in a previous order, the time for objecting to those duties or requirements should not "begin to run anew" upon issuance of the later order. Only when a subsequent order disturbs or revises the parties' legal rights and duties should a court restart the time period for a party to object to the substance of the order. Otherwise, a party must object within ten days of the original imposition of the duty, as prescribed by Rule 72(a).

In this case, despite Plaintiffs' attempt to style their current Objections as being asserted against Judge Wells's June 14 Order, the Objections presently before the Court are in fact aimed at the substance of Judge Wells's March 9 Order. It was that Order that first imposed upon Plaintiffs the legal obligation to produce their tax returns. The subsequent June 14 Order did not materially alter or revise Plaintiffs' duties; it merely reiterated a disclosure requirement that was previously established by the March 9 Order.[15] As such, it did not restart the time period in which Plaintiffs could object to the requirement that they produce their tax returns. Any challenge to that requirement, therefore, should have been asserted within ten days of the date on which Plaintiffs were served with a copy of the March 9 Order. Since the Objections currently before the Court were not filed until June 28, 2007, they are untimely, and the Court will not consider their merit.[16]

To hold otherwise would reward Plaintiffs for filing an untimely request that Judge Wells's reconsider her earlier Orders, and would allow Plaintiffs to circumvent the time limitation

---

[15] While the June 14 Order did permit Plaintiffs to redact from the tax returns certain personal identifiers, it did not materially alter their preexisting obligation to produce the tax returns.

[16] This conclusion is the same regardless of whether the Court would toll the ten-day filing period based on a pending motion to reconsider before Judge Wells. Some courts have found that the filing period is tolled while a motion directed to the magistrate judge to amend or reconsider the order is pending. See, e.g., Epperly, 161 F.R.D. at 74. Here, tolling is inconsequential because the filing period obviously ran long before May 22, 2007, when Plaintiffs requested that Judge Wells reconsider the March 9 Order. If Plaintiffs had filed a motion to reconsider within ten days of the March 9 Order, the Court's conclusion may be different. It is clear, however, that they did not.

included in Rule 72(a).  Had Plaintiffs never asked Judge Wells to reconsider her earlier Orders, they would have no viable argument that the Court could consider their Objections at this time—three months after the original Order requiring production of the tax returns was entered.  Plaintiffs should not, therefore, be able to challenge the requirement now based on Judge Wells's reaffirmation, which occurred only as a result of Plaintiff's untimely request for her to reconsider the requirement.  If Plaintiffs questioned the propriety of Judge Wells's requiring them to produce their tax returns, they should have objected to the original March 9 Order that imposed that requirement.  But since Plaintiffs failed to comply with the principle underlying Rule 72 that requires parties to raise their objections to a magistrate judge's ruling in a timely manner, their current Objections are not properly before the Court.[17]

Frankly, the Court's patience with Plaintiffs' counsel's conduct in this matter is wearing thin.  From the beginning, Plaintiffs' counsel has demonstrated a penchant for litigiousness that the Court finds troubling.  Their eagerness to litigate even the finest of points previously compelled the Court to refer this matter to Magistrate Judge Wells, who has dutifully and skillfully overseen a multitude of discovery disputes up to this point.  While the Court is concerned with

---

[17]  The Court notes that, even if Plaintiffs had presented their Objections in a timely manner, the Court would nonetheless be inclined to overrule them.  Defendants have demonstrated that the tax returns may provide them with information relevant to, at a minimum, the alleged damages in this case.  Therefore, the tax returns are "relevant to the subject matter of the litigation."  See Terlescki v. E.I. DuPont de Nemours & Co., Civ. A. No. 90-6854, 1992 WL 75015, at *1 (E.D. Pa. Apr. 7, 1992).  Upon that showing, Plaintiffs have been unable to sustain their burden of establishing that the relevant information contained in the tax returns is readily obtainable through other sources.  See id.  While similar and related information may be available from alternative sources, Defendants should receive an opportunity to review the tax returns, to determine how the information contained therein fits into the overall damages puzzle created by Plaintiffs' allegations.  Moreover, even though Plaintiffs must produce the tax returns, the returns are to be designated as confidential, and Defendants have a strict duty to maintain their confidentiality.  Ultimately, were the Court to address the merit of Plaintiffs' Objections, it would be unlikely to find that Judge Wells's ruling requiring production of the tax returns constituted an "abuse of discretion."  See Pls.' Mem. in Support of Objections [Doc. # 188], at 5 (citing Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004); Scott Paper Co. v. U.S., 943 F. Supp. 501, 502 (E.D. Pa. 1996)).

counsel's general approach in the case, it is especially troubled by counsel's disingenuous attempt to circumvent the Federal Rules of Civil Procedure in order to get their instant Objections before the Court.  This tactic reflects Plaintiffs' counsel's unwillingness to litigate in good faith and ignorance of their duty to the Court.  In this instance, the Court refuses to reward such tactics.  Moreover, the Court may be inclined to sanction such conduct should it persist as this case moves forward.

   In light of Plaintiffs' failure to properly object to the production of their tax returns when Judge Wells first ordered their production, the Court will not now entertain their Objections. Accordingly, the Court will dismiss the Objections as untimely, without ruling on their merit.

   An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| _____ | : | |
| **BRO-TECH CORPORATION t/a** | : | |
| **THE PUROLITE COMPANY, et al.,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **CIVIL NO. 05-CV-2330** |
|  | : | |
| **THERMAX, INC. d/b/a THERMAX** | : | |
| **USA LTD, et al.,** | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

      **AND NOW**, this 2nd day of August 2007, upon consideration of Plaintiffs' Objections to Magistrate Judge Wells's June 14, 2007 Order [Doc. # 188] and Defendants' Response thereto [Docs. ## 194 & 195], it is hereby **ORDERED** that the Objections are **DISMISSED** as untimely filed, and the Court therefore declines to modify or set aside the Order.

      It is **FURTHER ORDERED** that Plaintiff shall forthwith comply with Paragraph 7 of Judge Wells's June 14, 2007 Order.

      It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
**CYNTHIA M. RUFE, J.**