IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **BRO-TECH CORPORATION t/a** | : | |
| **THE PUROLITE COMPANY, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL NO. 05-CV-2330 |
| | : | |
| **THERMAX, INC. d/b/a THERMAX** | : | |
| **USA LTD, et al.,** | : | |
| Defendants. | : | |

<u>MEMORANDUM & ORDER</u>

**RUFE, J.**                                                                                                    **December 11, 2008**

       In this action, Plaintiffs Bro-Tech Corporation and Purolite International, Ltd ("Plaintiffs"), sue various corporate and individual defendants, both domestic and international ("Defendants"), for theft of trade secrets and numerous related causes of action. The litigation has proceeded through a contentious and lengthy discovery process overseen in part by a United States Magistrate Judge, and has approached the eve of a date certain for pretrial hearings and trial in April of 2008, only to be continued on urgent party request so that additional discovery might be accomplished. The supplemental discovery requested involved complex electronic discovery matters. As such, after directing the parties to attempt to reach agreement on certain related threshold issues and ultimately ascertaining that no resolution would be reached without judicial intervention, the Court, without objection from the parties, determined that it would be appropriate and beneficial to the efficient resolution of the matter to appoint a special electronic discovery master. That appointment was made by Order of May 16, 2007.[1]

---

[1] Doc. No. 400.

1

During the months-long process overseen and directed by the special electronic discovery master ("e-discovery master"), and conducted in accordance with protocols imposed by the e-discovery master or reached by party stipulation – and approved by the Court in either event[2] – Plaintiffs were permitted to conduct comprehensive electronic searches of certain data storage devices of the Defendants. The search yielded various documents which had not been identified and/or disclosed during the normal course of discovery in this litigation. One of these was so-called "Document F474-L0083353", a draft affidavit of Kiran Deshpande, the head of research and development for Defendant Thermax, Ltd. ("the Document").

Pursuant to a claw-back procedure negotiated and stipulated to by the parties ("the Clawback Agreement"),[3] the Document was initially turned over to Plaintiffs but then "clawed back," or returned on request by Defendants on an assertion that it was privileged or work product material. In the instant Motion,[4] filed November 5, 2008, Plaintiffs ask the Court to compel Defendants to produce the Document to Plaintiffs for their use in this action.

By Response filed November 19, 2008,[5] Defendants oppose Plaintiffs' Motion, arguing that a "challenge" provision in the Clawback Agreement governs the present analysis and should render the Motion effectively barred as waived or untimely because Plaintiffs did not timely avail themselves of the challenge provision with respect to the Document. Should the Court reject their primary argument, Defendants forward other reasons why they should not be compelled to

---

[2] See Doc. No. 403 (Order of August 1, 2008 giving force to Orders of e-discovery master and party Stipulation).

[3] See Doc. No. 405 ("Clawback Agrmt.").

[4] Doc. No. 426.

[5] Doc. No. 437.

produce the Document, but it is not necessary to review these reasons here.

Paragraph Six of the stipulated Clawback Agreement describes the protocol the parties are to follow when, during the enhanced electronic discovery process supervised by the e-discovery master, Defendants wish to "claw back" a privileged or work product document that is erroneously produced to Plaintiffs. In brief, it provides that Defendants must make written demand for the document's return,[6] upon receipt of which, Plaintiffs counsel must return and delete all copies of the document in question. By so returning and deleting the document, Plaintiffs are not foreclosed from challenging Defendants' claim that the document was erroneously disclosed. Rather, such challenges are specifically provided for in Paragraph Seven of the Clawback Agreement. That Paragraph states:

> [Plaintiffs] may object to [Defendants'] designation of an Erroneously Produced Document by providing written notice of such objection (an "Objection") within five (5) business days of [their] receipt of a written demand for the return of an Erroneously Produced Document. Any such Objection shall be resolved by the [e-discovery master] after an *in camera* review of the Erroneously Produced Document in accordance with the authority granted to the [e-discovery master by prior Court Order].[7]

As plainly appears, Paragraph Seven does not include any limitation as to the type of objection — substantive or procedural — Plaintiffs may make to a claim by Defendants that a document must be returned. Nor does it or any other provision of the Clawback Agreement state exceptions to the five business day objection period. As may be gathered from the foregoing, the terms of the Clawback Agreement were negotiated by the parties, incorporated by them into a formal Stipulation, adopted

---

[6] The fashion in which Defendants are bound to request return of a document believed to have been erroneously disclosed are specified in Paragraph Five of the Clawback Agreement but not described here.

[7] Clawback Agrmt. ¶ 7.

in an Order of the e-discovery master and approved by a subsequent Order of the Court.[8]

With respect to the present Motion, Plaintiffs did not submit an objection, timely or otherwise, to the e-discovery master regarding Defendants' request that the Document be returned under the Clawback Agreement as privileged or work product material. Plaintiffs do not reference Paragraph Seven of the Clawback Agreement in their Motion to the Court. Instead, they ask the Court to evaluate the propriety of their request to discover the Document without regard for the fact that it was identified, produced and returned in the course of the special electronic discovery process conducted by the e-discovery master according to collaboratively tailored rules and protocols. Plaintiffs' failure to do so is unexplained. Nonetheless, the Court considers that the parties will be bound by the rules and protocols they, in conjunction with the e-discovery master, devised, including the terms of the Clawback Agreement. In the instant matter, such terms are dispositive. Plaintiffs had an opportunity under the Clawback Agreement to object to Defendants' conduct with respect to the Document, but that opportunity has now passed, and Plaintiffs' Motion must be denied as untimely.

An appropriate order follows.

---

[8] See Doc. No. 403.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRO-TECH CORPORATION t/a : | |
| THE PUROLITE COMPANY, et al., : | |
|     Plaintiffs, : | |
|     v. : | CIVIL NO. 05-CV-2330 |
| : | |
| THERMAX, INC. d/b/a THERMAX : | |
| USA LTD, et al., : | |
|     Defendants. : | |

**ORDER**

    **AND NOW**, this 11th day of December 2008, upon consideration of Plaintiffs' Motion to Compel the Draft Affidavit of Kiran Deshpande [Doc. No. 426] and Defendants' Response in Opposition [Doc. No. 437], and for the reasons set forth in the attached Memorandum, it is hereby **ORDERED** that the Motion is **DENIED**.

    It is so **ORDERED**.

                                                  **BY THE COURT:**

                                                  /s/ Cynthia M. Rufe

                                                  **CYNTHIA M. RUFE, J.**