IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRO-TECH CORPORATION t/a<br>THE PUROLITE COMPANY, et al.,<br>Plaintiffs,<br>v.<br><br>THERMAX, INC. d/b/a THERMAX<br>USA LTD, et al.,<br>Defendants. | CIVIL NO. 05-CV-2330<br><br>FILED MAR 20 2009 |

## MEMORANDUM & ORDER

RUFE, J.                                          March 19, 2009

### I.

In this action, Plaintiffs Bro-Tech Corporation and Purolite International, Ltd ("Plaintiffs" or "Purolite") bring legal and equitable claims against corporate and individual Defendants ("Defendants") relating to an alleged theft of trade secrets and subsequent conduct in the commercial marketplace for ion exchange resins. Plaintiffs and the corporate Defendants ("Thermax") are competitors in the chemicals industry which develop, make and sell such resins. Plaintiffs filed their original Verified Complaint against certain Defendants on May 18, 2005, and filed an Amended Complaint against all Defendants on August 1, 2005. In neither pleading did Purolite make a jury demand pursuant to Federal Rule of Civil Procedure 38(b). Thermax filed an Answer with Counterclaims on March 17, 2006.[1] Thermax made a jury demand as to the asserted Counterclaims. Purolite did not thereafter make a jury demand.

Presently before the Court is Thermax's Motion to Withdraw Counterclaims ("the

---

[1] [Doc. No. 99]. The remaining individual Defendants filed an Answer without counterclaims, also on March 17, 2006 [Doc. No. 100].

1

ENTERED

MAR 20 2009

CLERK OF COURT

Motion").[2] The Motion is brought pursuant to Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."[3] Rule 41 applies to voluntary dismissals of counterclaims by counterclaim plaintiffs.[4] Purolite consents to the dismissal of Thermax's Counterclaims, and the Counterclaims will be dismissed as withdrawn.[5]

That does not conclude the matter, however, as Purolite and Thermax dispute the effect of the dismissal of Thermax's Counterclaims on the jury demand in this action. Thermax contends that the jury demand attaches only to its Counterclaims, such that the jury demand is extinguished by the Counterclaims' dismissal and this matter may be heard in a bench trial once the dismissal occurs. Purolite disagrees. It contends that Thermax's jury demand applies to all issues in this litigation that are triable by a jury because Thermax's Counterclaims and Purolite's legal claims concern the same issues. Purolite further asserts that it reasonably relied on Thermax's jury demand, understanding it to include all jury-triable claims. Noting that a jury demand may not be withdrawn without the consent of all affected parties, Purolite does not consent to the withdrawal of Thermax's jury demand. Accordingly, Purolite contends the jury demand must remain in force as to all remaining legal claims even after the dismissal of

---

[2] [Doc. No. 383]. The Motion was filed on April 10, 2008, prior to a months-long stay of this matter that was imposed upon urgent party request to allow for further discovery. That stay is still in effect. Notwithstanding its vintage and intervening events, Thermax has reaffirmed its desire to press the Motion as recently as December, 2008. See Thermax's "Response To December 15, 2008 Order To Show Cause" [Doc. No. 447] (asserting that Thermax would be "maintaining its pending Motion to Withdraw Counterclaims such that the remaining claims in this action may be tried before this Court").

[3] FED. R. CIV. P. 41(a)(2).

[4] See FED. R. CIV. P. 41(c).

[5] See Pls.' Resp. [Doc. No. 385].

2

Thermax's Counterclaims.

## II.

The Seventh Amendment to the United States Constitution guarantees the jury trial right "[i]n Suits at common law."[6] Federal Rule of Civil Procedure 38 governs the exercise of the right in procedural respects.[7] Pursuant to Rule 38(b), "[o]n any issue triable of right by a jury, a party may demand a jury trial" by including the demand in a pleading or filing and serving a written demand on the other parties "no later than 10 days after the last pleading directed to the issue is served."[8] A counterclaim is a pleading.[9] It is undisputed that Thermax's jury demand, which accompanied its Counterclaims, was procedurally sound, and valid.

A party waives its right to a jury trial by failing to demand one in accordance with Rule 38(b).[10] Yet, as numerous Courts of Appeals have ruled, "if a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in having a jury trial on the issues for which it has been demanded, [including] an adverse party . . . may rely on that demand and need not make an additional demand of their own."[11] Rule 38(d) reflects this

---

[6] U.S. Const. amend. VII.

[7] Rule 38(a) preserves "the right of trial by jury declared by the Seventh Amendment to the Constitution . . . to the parties inviolate." FED. R. CIV. P. 38(a).

[8] FED. R. CIV. P. 38(b).

[9] FED. R. CIV. P. 7(a).

[10] FED. R. CIV. P. 38(d); see also United States v. Moore, 340 U.S. 616, 621 (1951) (failure to make proper jury demand results in waiver of right to jury trial under Rule 38); Collins v. Govt. of Virgin Islands, 366 F.2d 279, 283 (3d Cir. 1966) (same).

[11] Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2318 (3d ed. 2008) (citing, inter alia, California Scents v. Surco Prods., Inc., 406 F.3d 1102 (9th Cir. 2005); Kramer v. Banc of America Secs., LLC, 355 F.3d 961 (7th Cir. 2004); Bennett v. Pippin, 74 F.3d 578 (5th Cir. 1996)).

possibility of legitimate reliance by adverse parties, providing, "a proper demand may be withdrawn only if the parties consent."[12]

As noted, Purolite contends it properly relied on Thermax's jury demand and it does not consent to the demand's withdrawal, while Thermax argues Purolite was not entitled to rely on the demand and therefore has no say in the matter of its withdrawal. The parties thus dispute the scope of Thermax's jury demand. The dispute implicates Rule 38(c), which permits the party making a jury demand to limit the demand to specific "issues."[13] As seen above, Thermax stated in its filing that its jury demand related to its Counterclaims. In determining whether this jury demand may be withdrawn only with Purolite's consent, the Court must determine whether there is identity or significant overlap of the "issues" involved in Thermax's Counterclaim and Purolite's action against Thermax.

The parties disagree as to the particular analysis the Court should apply in making this determination. Thermax urges the Court to rule that the "issues" evaluation turns on whether Thermax's Counterclaims were compulsory.[14] If they were, Thermax implicitly concedes, then the Counterclaims and Purolite's claims involve common issues, Purolite reasonably relied on Thermax's jury demand, and Purolite's consent is required before the demand may be

---

[12] FED. R. CIV. P. 38(d).

[13] Rule 38(c) provides: "(c) Specifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may – within 10 days after being served with the demand or within a shorter time ordered by the court – serve a demand for a jury trial on any other or all factual issues triable by a jury." FED. R. CIV. P. 38(c). As noted, Purolite did not avail itself of the opportunity to demand a jury trial on all legal issues after Thermax filed its Counterclaims.

[14] See Park Club, Inc. v. Resolution Trust Corp., 967 F.2d 1053, 1057 (5th Cir. 1992).

4

withdrawn.[15] According to Thermax, however, if the Counterclaims were permissive, and if they related to conduct occurring after the initiation of this action, then the Counterclaims may be withdrawn without Purolite's consent.[16] Thermax argues that the Counterclaims are permissive and otherwise match the latter description.

Purolite counters that the Court is not bound by the so-called "compulsory counterclaim test," but rather may make a less constrained evaluation of the issues presented in the Counterclaim and Purolite's legal claims to determine whether they derive from "the same matrix of facts."[17] Because Thermax's Counterclaims and Purolite's claims are based upon the same factual matrix, Purolite argues, they embrace the same issues and Purolite was – and is – entitled to rely on Thermax's jury demand. The Third Circuit Court of Appeals has not adopted or addressed the "same matrix" analysis forwarded by Purolite. Indeed, as may be inferred from the parties' arguments, that court has not squarely or comprehensively dealt with the disputed issue.

However, the Third Circuit has established that, when considering a party's right to a civil jury trial, courts must "'indulge every reasonable presumption against waiver,'"[18] and scrutinize "any seeming curtailment of the right . . . with the utmost care."[19] With these general

---

[15] See, id.; see also Phoenix Four Grantor Trust #1 v. 642 North Broad Street Assocs., No. 00-597, 2000 WL 1717261, at *1 (E.D. Pa. Nov. 15, 2000) (citing Park Club, 967 F.2d at 1057).

[16] See, e.g., Harris v. Steinem, 571 F.2d 119, 123 (2d Cir. 1978) (counterclaim essentially for malicious prosecution is not compulsory and jury demand as to that counterclaim does not extend to issues in the plaintiff's-counterclaim defendant's complaint)

[17] See California Scents, 406 F.3d at 1109.

[18] Collins, 366 F.2d at 284 (quoting Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 393 (1937)).

[19] Collins, 366 F.2d at 284 (citing Dimick v. Schiedt, 293 U.S. 474, 486 (1959)).

5

principles in mind, the Court turns to the question at issue. As a fellow court of this District has ruled, "if a counterclaim is compulsory, a valid request for a jury trial on the counterclaim entitles the defendant to a jury trial not only on the counterclaim, but also on the original claim."[20] Neither party disputes this basic rule – indeed, as an alternative argument, Purolite contends that Thermax's Counterclaims are compulsory and thus embrace Purolite's claims; rather the parties' central dispute, described above, rests on a premise that the counterclaims at issue are permissive. The Court finds, however, that the aforementioned rule is dispositive.

The Third Circuit has held that "a counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim."[21] That court has explained that a logical relationship exists between parties' claims and counterclaims "where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts[,] [w]here multiple claims involve many of the same factual issues, or the same factual or legal issues, or where they are offshoots of the same basic controversy between the parties."[22] This rather broad interpretation is consistent with the purpose of promoting judicial economy which underlies Federal Rule of Civil Procedure 13(a).

The Court finds that there is a logical relationship between Purolite's claims and Thermax's Counterclaims. The relationship is patent and significant. For example, in its

---

[20] Phoenix Four, 2000 WL 1717261, at *1 (citing 8 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 38.50[9][c], at 38-241 (3d ed. 1997) (citing Park Club, 967 F.2d at 1057) ("the test for determining whether a request for a jury on a counterclaim entitles a party to a jury trial on the complaint is whether the counterclaim is compulsory, that is, whether it arises out of the subject matter of plaintiff's legal claim. Since a compulsory counterclaim, by definition, relates to the issues raised in the complaint, the demand brings those issues before the jury.")).

[21] Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc., 286 F.2d 631, 634 (3d Cir. 1961) (citation omitted).

[22] Id.

6

Amended Complaint, Purolite alleges that Thermax has misappropriated and used Purolite trade secrets to unlawfully compete with Purolite in the ion exchange resins marketplace, including by targeting current and former Purolite customers. These customers include the companies Culligan and SolmeteX. Thermax, in its Counterclaims, claims that Purolite has engaged in, inter alia, interference with prospective advantage and unfair competition by making allegedly false statements about Thermax's theft and use of Purolite secrets to Culligan and SolmeteX, among other companies. The truth of Purolite's statements will effectively be tested and determined by the fact finder who hears the trial of Purolite's claims; this finding will, in turn, bear directly on Thermax's allegations that Purolite's statements to Culligan, SolmeteX and others were false and unlawful. Thermax's Counterclaims and Purolite's claims are plainly "offshoots of the same basic controversy between the parties," and to hear them separately would be duplicative and wasteful of judicial and party resources. Thermax's Counterclaims are compulsory, and the jury demand that accompanies them applies to Purolite's original claims.[23] Purolite was entitled to rely on the demand, and Purolite's consent is required if the jury demand is to be withdrawn. Because Purolite does not consent to the withdrawal of the jury demand, that demand remains in effect for all claims triable by a jury, despite the fact that Thermax's Counterclaims will be dismissed.

An appropriate order follows.

---

[23] The Court thus rejects Thermax's argument that its Counterclaims are permissive because they allege conduct that occurred after Purolite filed its Verified Complaint in May, 2005. Thermax cites certain cases from the Second Circuit Court of Appeals in support of this proposition. See, e.g., Harris, 571 F.2d at 123. First, it is not clear that most or all substantive allegations in the Counterclaims refer to post-filing conduct. More importantly, the Court is not persuaded that the temporal consideration urged by Thermax is of dispositive significance in this Circuit's 'logical relationship" analysis, given that analysis' broad and flexible nature. See Great Lakes, 286 F.2d at 634.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRO-TECH CORPORATION t/a THE PUROLITE COMPANY, et al.,** Plaintiffs, v. **THERMAX, INC. d/b/a THERMAX USA LTD, et al.,** Defendants. | CIVIL NO. 05-CV-2330 |

## ORDER

AND NOW, this 19th day of March 2009, upon consideration of Defendant Thermax, Inc.'s ("Thermax") Motion to Withdraw Counterclaims [Doc. No. 383] and Plaintiffs' Response [Doc. No. 385], and for the reasons set forth in the attached Memorandum, it is hereby **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Thermax's Counterclaims are **DISMISSED**;

2. Thermax's request that this matter be heard by the Court in a bench trial is **DENIED**. The jury demand in this action remains in force as to all claims that may be tried by a jury.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.