IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **BRO-TECH CORPORATION t/a** | : | |
| **THE PUROLITE COMPANY, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL NO. 05-CV-2330 |
| | : | |
| **THERMAX, INC. d/b/a THERMAX** | : | |
| **USA LTD, et al.,** | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM & ORDER**

**RUFE, J.**                                                                            **May 6, 2009**

    In this action, Plaintiffs Bro-Tech Corporation and Purolite International, Ltd. (collectively, "Purolite") bring suit against, <u>inter</u> <u>alia</u>, Thermax, Inc., d/b/a Thermax USA LTD, and Thermax LTD (collectively, "Thermax"), alleging various torts including theft of confidential information regarding the research, development, manufacture and sale of ion exchange resins.  Purolite and Thermax are competitors in the chemicals industry which develop, make and sell such resins.

    Presently before the Court is Purolite's Motion For An Order Protecting Confidential Information.[1]  The Motion comes in response to events in a civil action pending in the U.S. District Court for the Southern District of New York (the "Related Action") in which Purolite is the named defendant, and the plaintiff is National Economic Research Associates ("NERA").[2]  In 2007, NERA was engaged by Purolite as a consulting expert in connection with the instant litigation.  NERA now sues Purolite for non-payment for services performed.

---

[1] Doc. No. 468.

[2] The case is <u>National Economic Research Associates v. Purolite "C" Corporation d/b/a The Purolite Company</u>, No. 08-Civ-07600, (S.D.N.Y.) (Lynch, J.).

In the Related Action, NERA has submitted to Purolite a notice for production of documents ("NFP") which refers to materials NERA reviewed when consulting for Purolite in this case. Purolite reports that the NFP seeks documents designated as confidential by Purolite and Thermax in this action pursuant to Court-approved procedures. Purolite has resisted disclosing such documents to NERA on the ground that it is prohibited from doing so by a stipulation and Order of this Court unless NERA – or any other receiving party – agrees to maintain the confidentiality of the documents and to be otherwise bound by the confidentiality rules in place in this matter. It appears NERA has taken the position that it is in no way bound by the relevant rules, that this Court has no jurisdiction over it, and also that Purolite's discovery disclosures to it should not be affected by the Order in question.

Since this action commenced in May of 2005, Purolite and Thermax have endeavored to maintain the confidentiality of secret or sensitive information that would be exchanged as a function of the anticipated litigation. To this end, the parties have erected and abided by a framework of rules and procedures regarding the handling of information considered by either side to be confidential. At issue in the instant Motion is the applicability, if any, of the primary Court-approved instrument the parties have fashioned, a "Stipulation and Order Protecting Confidentiality of Discovery Materials" ("Order"),[3] to discovery requests by NERA in the Related Action. By its Motion, Purolite seeks a ruling that it may produce information designated confidential herein only if the receiving party agrees to comply with the terms and conditions of the Order. Thermax joins in Purolite's request.[4]

Under Paragraphs One and Five of the Order, materials, information or documents

---

[3] The Stipulation and Order was entered to the docket by the Court on June 3, 2005 [Doc. No. 19].

[4] Defs.' Response [Doc. No. 469].

produced in this litigation may be designated confidential by the producing party ("Confidential Materials"). Once materials are so designated, they may be disclosed to individuals other than certain counsel and the Court only if various preconditions are met. Paragraph Ten of the Order states:

> Designated Counsel for the respective parties shall be responsible for obtaining prior to disclosure and as a condition therefor the written agreement of any person to whom any Confidential Information is disclosed . . . to be bound by the terms of this Protective Order. . . . Any person receiving access to Confidential Information submits himself or herself to the jurisdiction of this Court for the purpose of enforcing any sanction for violation of this Protective Order.

("Paragraph Ten"). Before disclosing Confidential Materials to NERA for consulting purposes, Purolite obtained the written agreement of NERA agents on a Court-approved agreement form which reflects the foregoing requirements. In particular, NERA agents Phillip Beutel and Christine Meyer each signed documents in which they agreed to comply with all provisions of the Order and to submit to the jurisdiction of this Court for purposes of enforcement of the Order. The agreements contain no express provision regarding termination or expiration.

It is the finding of this Court that Beutel and Meyer voluntarily brought themselves under the Order and within the jurisdiction of this Court, and that they remain obligated to uphold the terms of the agreement they entered into regarding the Order.

As noted, Purolite argues it must obtain written agreement from NERA or other entities that may be involved in the Related Action to observe the Order before producing any Confidential Materials to them, and asks the Court to so rule. But it would be inappropriate for this Court to attempt to determine the applicability of the confidentiality rules of this case to the Related Action, and we decline to tread such ground.

The court in the Related Action has previously addressed certain questions

involving the Order and its relationship to that case,[5] and apparently will consider party arguments on additional confidentiality issues in an upcoming conference. How the circumstances of NERA and Purolite should affect the discovery and litigation between them is a question for the court in the Related Action. It is also for that court to determine the implications of the confidentiality agreements signed by Beutel and Meyer for NERA, NERA's counsel and any related entities. Purolite and Thermax may seek to address their arguments on such matters to that court. This Court declines to render any ruling on the issues presented in the instant Motion beyond the finding related above.

        An appropriate order follows.

---

[5] See Civ. Doc. No. 08-7600 (GEL), Order of March 17, 2009 (ruling on interplay of Paragraphs Nineteen and Thirteen of the Order).